[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 15, 2006
THOMAS K. KAHN
CLERK

No. 06-12802
Non-Argument Calendar
_____

BIA Nos. A78-616-285 & A78-616-286

JOSE SILVESTRE VELEZ HURTADO,
MARTIN VELEZ BARRENECHE,
LUZ M. BARRENECHE,
JIMENA VELEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(November 15, 2006)**

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

I.

Jose Silvestre Velez Hurtado, on behalf of himself, his wife Luz Barreneche, and his children Martin Barreneche and Jimena Velez ("petitioners"), petitions this court to review the Board of Immigration Appeal's ("BIA") affirmance of the Immigration Judge's ("IJ") order of removal and denial of asylum and withholding of removal.[1]

Hurtado, a native and citizen of Colombia, arrived in the United States in August 2000 on an immigrant visa and remained beyond the expiration period. Martin Barreneche arrived in the United States in December 2000 on an immigrant visa and remained beyond the expiration period. Luz Barreneche and Jimena Velez arrived in the United States in March 2001 on immigrant visas and remained beyond the expiration period. The Immigration and Naturalization Service ("INS")[2] then issued notices to appear, charging petitioners with removability for having remained in the United States longer than permitted. Immigration and Nationality Act § 237(a)(1)(B); 8 U.S.C. § 1227(a)(1)(B). At the hearing,

---

[1] In his asylum application, Hurtado also requested relief under the Convention Against Torture ("CAT"), 8 C.F.R. § 208.16. He does not appeal the IJ's and BIA's denials of this relief. Accordingly, he has abandoned the argument. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 (11th Cir. 2005).

[2] On November 25, 2002, President Bush signed into law the Homeland Security Act of 2002 ("HSA"), Pub. L. No. 107-296, Stat. 2125. The HSA created a new Department of Homeland Security ("DHS"), abolished the INS, and transferred its functions to the new department.

petitioners conceded removability, but requested asylum, withholding of removal, and relief under CAT.

In his asylum application, Hurtado alleged that he had been persecuted by the Revolutionary Armed Forces of Colombia ("FARC") and that he feared he would be kidnaped and killed if he returned to Colombia because of his membership in the Liberal Party, his participation in political and community activities, and his position working for a public agency ensuring that employees were qualified and that guerillas who had infiltrated the agency were removed. Hurtado argued that as a result of his above activities, he and his father received threatening telephone calls, he decided to move to Bogata for a time and go into hiding, and, after he came to the United States, but before his family joined him, his farm in Colombia was visited by strange people who intimidated the caretaker, tied up the employees, and stole some items.

Although Hurtado was found credible, the IJ determined that there was no evidence to suggest that he was targeted by FARC because of his political opinions or because of his membership in the Liberal Party. The IJ found that the telephone calls Hurtado described were not sufficient to establish persecution on account of his political opinions. Furthermore, the IJ concluded that there was no nexus between the telephone calls and Hurtado's political opinions. The IJ also found that, although Hurtado had a subjective fear of future persecution, the fear was not

3

objectively reasonable. Having considered that Hurtado experienced no trouble when he relocated to Bogota, the IJ found there was no evidence that the threat was country-wide. Finally, the IJ found that there was no evidence of torture. Accordingly, the IJ denied asylum, withholding of removal, and relief under CAT, but granted voluntary departure.

Petitioners appealed and the BIA affirmed, concluding that the telephone calls did not rise to the level of persecution and that there was no objectively reasonable fear of future persecution as there was no evidence FARC continued to seek out Hurtado. Petitioners then initiated this petition for review.

II.

When the BIA issues a decision, this court reviews only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent the BIA's or IJ's decisions were based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial evidence test, and this court must affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record as a whole." Al Najjar, 257 F.3d at 1283-84. The IJ's factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires this court to "view the record in the light most

favorable to the [IJ's] decision and draw all reasonable inferences in favor of that decision." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006); Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005). This court "must affirm the [IJ's] decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar, 257 F.3d at 1284 (quoting Lorisme v. INS, 129 F.3d 1441, 1444-45 (11th Cir. 1997). Thus, "a finding of fact will be reversed only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Id. (quotation omitted); see also Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006).

## III.

To establish asylum eligibility based on political opinion or any other protected grounds, the applicant must establish with credible evidence (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(b); see also Al Najjar, 257 F.3d at 1287. If the applicant meets this burden, the Attorney General has discretion to grant asylum and this determination "shall be conclusive unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

Substantial evidence supports the IJ's denial of relief. First, Hurtado did not establish past persecution. As this court has explained, "'persecution' is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and... mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotations omitted). After careful review of the record as a whole, we conclude that the harassment Hurtado suffered at the hands of the FARC does not rise to the level of past persecution.

Second, Hurtado has not shown a well-founded fear of future persecution. If an applicant can demonstrate past persecution, there is a rebuttable presumption that he or she has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). If the applicant cannot demonstrate past persecution, however, he or she must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). Even given Hurtado's credible testimony, after careful review of the record as a whole, we conclude that Hurtado has not shown past persecution or an objectively reasonable fear of future persecution.

Finally, because Hurtado failed to satisfy the less stringent standard for asylum, his claim for withholding also fails. Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1292 (11th Cir. 2006); Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1288 n.4

(11th Cir. 2005); <u>Al Najjar</u>, 257 F.3d at 1292-93, 1303.

Accordingly, we **DENY** the petition for review.